T.C. Memo. 2006-222

UNITED STATES TAX COURT

MICHAEL AND TANYA NEYLAN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16443-05.            Filed October 23, 2006.

Lowell E. Mann, for petitioners.

David A. Breen, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  The instant matter is before the Court on petitioners' motion for reasonable administrative and litigation costs[1] pursuant to Rule 231[2] and section 7430.  The issue we must

---

[1]Although petitioners titled the instant motion "MOTION FOR AWARD OF REASONABLE ADMINISTRATIVE COSTS", the attached list of costs includes both administrative and litigation costs.  We
                                          (continued...)

decide is whether petitioners were the prevailing party. For the reasons stated below, we deny petitioners' motion for reasonable costs.

## Background

At the time of filing the petition in the instant case, petitioners resided in Roebling, New Jersey. Vanya Tyrrell (Mrs. Tyrrell) prepared petitioners' 2003 Form 1040, U.S. Individual Income Tax Return (tax return).[3]

In the spring of 2005, respondent sent a letter to petitioners requesting that they submit documentation to support certain deductions claimed on their 2003 tax return. This was the initial contact letter and did not provide petitioners with an opportunity for administrative review with respondent's Office of Appeals. Petitioners did not respond with the requested documentation. Instead, petitioners' attorney, Lowell E. Mann (Mr. Mann), sent a letter protesting respondent's proposed

---

[1](...continued)
treat petitioners' motion as a motion for both administrative and litigation costs.

[2]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

[3]Petitioners' tax return was one of approximately 175 tax returns that were prepared by Vanya Tyrrell and chosen for examination by respondent's Correspondence Examination Unit. All such cases involve similar unsubstantiated deductions. Lowell E. Mann represents the petitioners in all such cases and has filed virtually identical petitions for each such case.

adjustments and requesting that the case be transferred to respondent's Appeals Office. Because petitioners failed to submit the requested documentation substantiating the disputed deductions, respondent determined a deficiency of $1,830 in income for 2003 and sent petitioners a notice of deficiency on June 13, 2005.

Mr. Mann sent a letter to respondent requesting that respondent rescind the notice of deficiency. Respondent did not rescind the notice of deficiency, and petitioners timely filed their petition in this Court on September 6, 2005. Respondent filed his answer on October 17, 2005. By notice dated November 10, 2005, the instant case was placed on the April 3, 2006, calendar in Philadelphia, Pennsylvania.

On March 15, 2006, Ms. Tyrrell sent documentation to support the deductions in question to Mr. Mann. Respondent's Appeals officer received the documentation from petitioners' counsel on March 21, 2006. At the call of the instant case from the Philadelphia trial session calendar on April 3, 2006, the parties filed a stipulation of settled issues, which indicated respondent's concession and a reduced deficiency of $473. In the instant motion, petitioners now seek $3,437.50 in administrative and litigation costs.

## Discussion

The prevailing party in a Tax Court proceeding may be entitled to recover administrative and litigation costs.  See sec. 7430(a); Rule 231.  However, a taxpayer will not be treated as the prevailing party if the Commissioner's position was substantially justified.  Sec. 7430(c)(4)(B); see Pierce v. Underwood, 487 U.S. 552, 565 (1988).  The fact that Commissioner concedes is not determinative of the reasonableness of Commissioner's position.  Wasie v. Commissioner, 86 T.C. 962, 969 (1986).  The taxpayer bears the burden of proving the elements in section 7430 required for an award of costs, except that the taxpayer will not be treated as the prevailing party if the Commissioner establishes that the position of the Commissioner was substantially justified.[4]  See Rule 232(e).

The Court determines the reasonableness of respondent's position as of the time respondent took respondent's position.  Sec. 7430(c)(7).  In the administrative proceeding here, respondent took a position as of the date of the notice of deficiency.  Sec. 7430(c)(7)(B).  In the judicial proceeding, respondent took a position when respondent filed respondent's answer.  Sec. 7430(c)(7)(A); Huffman v. Commissioner, 978 F.2d 1139, 1144-47 (9th Cir. 1992), affg. in part, revg. in part on

_____

[4]The elements of sec. 7430 other than those relevant to whether petitioners were the prevailing party are not discussed.

other grounds and remanding T.C. Memo. 1991-144.  Respondent's

administrative and litigation positions are substantially

justified if they have a reasonable basis in both law and fact.

Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997).

In the instant case, we conclude that respondent's position

was both reasonable and substantially justified in both the

administrative and judicial proceedings.  Petitioners failed to

provide the requisite documentation until after respondent issued

the notice of deficiency and filed an answer.  Deductions are a

matter of legislative grace, and petitioners must prove they are

entitled to the deductions.  Rule 142(a); New Colonial Ice Co. v.

Helvering, 292 U.S. 435, 440 (1934).  In the absence of any proof

of entitlement to the disputed deductions, respondent was

reasonable to maintain his position that the disputed deductions

were not allowed.  Prouty v. Commissioner, T.C. Memo. 2002-175.

It was not until March 21, 2006, that respondent received the

documentation relating to the disputed deductions, at which time

respondent conceded the propriety of the deductions.[5]

---

[5]Respondent also contends that petitioners protracted the
instant proceedings and are therefore ineligible for cost
recovery.  Sec. 7430(b)(3).  Although we do not address that
issue, since we have disposed of the instant motion on other
grounds, we note that petitioners did not provide the required
documentation to support their claimed deductions until less than
2 weeks before trial.  Once in possession of the requested
documentation, respondent presumably would have conceded the
deductions at any point in the administrative or litigation
process, as respondent ultimately did on the eve of trial after

(continued...)

Accordingly, we hold that petitioners are not entitled to recover their administrative or litigation costs.

We have considered all of petitioners' contentions,[6] and, to the extent they are not addressed herein, they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[5](...continued)
receiving the documentation. Consequently, petitioners forced an administrative proceeding and litigation, instead of a brief exchange of correspondence.

[6]This includes both arguments made in petitioners' motion and subsequent memorandum of law.